REPLEVIN. Trial and verdict for plaintiff, on a plea of property in defendant, and property in A. C. Walker.
Motion for a rule to show cause why a new trial should not be had, on the following grounds, supported by affidavits: — 1. The jurors did not agree on a verdict. 2. The discovery of important testimony since the trial.
The defendant presented an affidavit of one of the jurors, the foreman, that he did not agree to the verdict, and did not answer when polled. Also, the affidavit of Bradley, the defendant in interest, that he had discovered important testimony, namely, a receipt of H. S. McCombs, to A. C. Walker; and the affidavit of the same person, that he had discovered, since the trial, other important testimony, without specifying it.
He also offered the affidavit of Mr. Wolfe, one of the counsel, that he had never heard of the receipt until after the verdict.
Messrs. Rogers and Patterson objected to the affidavit of the juror; and to the affidavit of counsel; to the relevancy of the receipt; to the sufficiency of Bradley's affidavits; that they pointed to A. C. Walker, as the person from whom they had acquired the knowledge of the evidence, and he, having been examined as a witness, the party was bound to have put questions to him which would have brought out the evidence. The after discovery of testimony is not in itself sufficient for a new trial, but it must be shown not to have been in the power of the party to discover it; and the affidavits *Page 424 
of after discovered testimony were not made by a party in the cause; Bradley's interest not being shown.
Messrs. Wolfe and Wales contended: — That the affidavit of a juror was competent, as to a fact not occurring in the jury room, but in public; not relating to the framing of a verdict, but to the fact of rendering a verdict; because, after consenting to a verdict in the jury room, it is competent for any juror to refuse to answer affirmatively to that verdict when polled: that in regard to the affidavit of after discovered testimony, it could not come from the nominal defendant, the late sheriff, who had no concern with the case, but might be made byany person who could lay a probable ground to suppose that the real defendant did not know of the evidence.
The Court refused the rule. They would not allow a juror to deny his verdict rendered in court in such way as to imply his assent, even if it was not expressed, as the record says it was. It was the duty of the juror to express his dissent to the verdict, if he did not agree to it.
In regard to after discovered evidence, it must be shown to be not only important, but that it was not in the party's power to have discovered it, by reasonable diligence, before the trial.